# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PATRICK THOMPSON, on behalf of himself and others similarly situated, ) ) ) ) ) Plaintiff, ) ) v. ) ) AMERICAN ADVISORS GROUP (INC.), ) ) ) Defendant. ) | *Collective Action - FLSA* <br> *29 U.S.C. § 216(b)* <br><br> CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiff PATRICK THOMPSON ("PLAINTIFF"), on behalf of himself and others similarly, asserts claims for unpaid overtime compensation against defendant AMERICAN ADVISORS GROUP (INC.) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## *JURISDICTION*

1. The Court has subject-matter jurisdiction over this action pursuant to (a) 28 U.S.C. § 1331 because claims alleged in this action arise under the laws of the United States, (b) 28 U.S.C. § 1337 because this action arises under the FLSA which is an Act of Congress regulating commerce, and (c) 29 U.S.C. § 216(b) which allows actions arising under the FLSA to be maintained in any federal court of competent jurisdiction.

## *THE PARTIES*

2. From on or about January 2, 2012 to on or about May 14, 2012, plaintiff PATRICK THOMPSON was an employee of defendant AMERICAN ADVISORS GROUP (INC.), within the meaning of 29 U.S.C. § 203(e)(1),.

3. Defendant AMERICAN ADVISORS GROUP (INC.) (hereinafter, "AAG") has been a California corporation registered to do business in the state of Georgia, whose agent for service of process is:

> Incorp Services, Inc.
> 2000 Riveredge Pkwy NW Ste 885
> Atlanta, Georgia 30328.

4. At all relevant times, defendant AAG has done and continues to do business within this judicial district and is subject to this Court's personal jurisdiction.

## *GROUNDS FOR THIS ACTION*

### I. **Plaintiff's Employment with Defendant AAG**

5. At all relevant times, defendant AAG has been in the business of making reverse mortgage loans, including federally insured reverse mortgage loans, based on what defendant AAG calls "a direct-to-consumer, centralized business model."

6. At all relevant times, defendant AAG has employed loan officers—including loan officers called "Reverse Mortgage Professionals"—

whose primary job duties involved working on defendant AAG's "direct-to-consumer" reverse mortgage loans.

7. At all relevant times, defendant AAG has compensated its employee loan officers—including loan officers called "Reverse Mortgage Professionals"—at an hourly rate, plus a non-discretionary production bonus, plus commissions.

8. At all relevant times, defendant AAG has employed loan officers for its direct-to-consumer reverse mortgage loan operations in the following locations:

    (a) Kennesaw, Georgia;

    (b) Orange, California;

    (c) Scottsdale, Arizona; and

    (d) Garden City, New York.

9. At all relevant times, PLAINTIFF was employed by defendant AAG as a loan officer, also called a "Reverse Mortgage Professional," at defendant AAG's Kennesaw, Georgia location.

10. At all relevant times, defendant AAG paid PLAINTIFF at an hourly rate, plus a non-discretionary production bonus, plus commissions.

## II. Defendant's FLSA Overtime Violations

### A. *The Proposed FLSA Class*

11. PLAINTIFF brings his FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b) for all members of the following class which PLAINTIFF seeks to represent:

> All current and former employees of defendant AAG who performed the primary job responsibilities of (a) a loan officer or a (b) Reverse Mortgage Professional at anytime from [three years prior to mailing date of Notice to class] to [Notice mailing date], and who were not paid proper overtime compensation required by federal law.

12. Pursuant to Fed. R. Civ. P. 10(c), the description of the class set forth above in ¶ 11 is incorporated by reference when the term "FLSA Class Members" is used in this pleading.

13. PLAINTIFF's written consent to participate in this collective action was filed with the Court along with this complaint and, pursuant to Fed. R. Civ. P. 10(c), is part of this pleading for all purposes. Similarly situated individuals who want to participate in this action may file written consents with the Court from time to time as they opt-in to this litigation pursuant to 29 U.S.C. § 216(b).

### B. *Defendant Was Required by the FLSA to Pay Overtime to PLAINTIFF and the FLSA Class Members*

14. At all relevant times, defendant AAG was an "employer" within the meaning of 29 U.S.C. § 203(d) and not exempt from the overtime obligations of an "employer" under the FLSA, 29 U.S.C. § 201 *et seq*.

15. At all relevant times, PLAINTIFF and the FLSA Class Members were employed by defendant AAG as employees, and therefore PLAINTIFF and the FLSA Class Members were employees within the meaning of 29 U.S.C. § 203(e)(1).

16. At all relevant times, defendant AAG employed PLAINTIFF and the FLSA Class Members as employees and therefore, with respect to PLAINTIFF and the FLSA Class Members, defendant AAG was an "employer" within the meaning of 29 U.S.C. § 203(d) and not exempt under the FLSA.

17. At all relevant times, PLAINTIFF and the FLSA Class Members were economically dependent on defendant AAG.

18. At all relevant times, defendant AAG:

   (a) controlled or had the authority to control the number of individuals who could be hired into the positions that PLAINTIFF and the FLSA Class Members held;

(b) hired or had the authority to hire the PLAINTIFF and the FLSA Class Members, and terminated or had the authority to terminate the PLAINTIFF and the FLSA Class Members;

(c) determined and paid or had the authority to determine and provide the compensation of the PLAINTIFF and the FLSA Class Members;

(d) determined and had the authority to determine whether PLAINTIFF and the FLSA Class Members could retain their job;

(e) determined or had the authority to determine whether PLAINTIFF and the FLSA Class Members could be disciplined for job-related actions;

(f) supervised or had the authority to supervise the PLAINTIFF and the FLSA Class Members, determined or had the authority to determine the job duties and work schedule of the PLAINTIFF and the FLSA Class Members;

(g) created, implemented and maintained, or had the authority to create, implement, and maintain, the employment policies to which the PLAINTIFF and the FLSA Class Members were required to follow;

(h) played a role in providing the equipment required by the PLAINTIFF and the FLSA Class Members to perform their job; and

(i) played a role in providing the premises in which PLAINTIFF and the FLSA Class Members performed their job.

19. At all relevant times, defendant AAG had an annual gross volume of sales made that was more than $500,000. At all relevant times, defendant AAG had employees engaged in commerce. At all relevant times, because defendant AAG had an annual gross volume of sales made that was more than $500,000 and had employees engaged in commerce, defendant AAG was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

20. At all relevant times, PLAINTIFF and the FLSA Class Members were employees engaged in commerce and were employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore are expressly covered by the protections of the 29 U.S.C. § 207(a).

21. At all relevant times, loan officers and Reverse Mortgage Professionals employed by defendant AAG were employees engaged in commerce and were employed by an enterprise engaged in commerce within

the meaning of the FLSA and therefore are expressly covered by the protections of the 29 U.S.C. § 207(a).

22. At all relevant times, the primary duties of PLAINTIFF and the FLSA Class Members involved using the telephone to carry out their job duties in furtherance of defendant AAG's business activities of providing reverse mortgage loans services.

23. At all relevant times, the primary duties of all loan officers and Reverse Mortgage Professionals employed by defendant AAG involved using the telephone to carry out their job duties in furtherance of defendant AAG's business activities of providing reverse mortgage loans services.

24. Since at least as early as January 2012 throughout their employment, PLAINTIFF and the FLSA Class Members were classified as non-exempt employees for purposes of the FLSA.

25. At all relevant times, PLAINTIFF and the FLSA Class Members were paid at an hourly rate, plus a non-discretionary production bonus, plus commissions.

26. At all relevant times, PLAINTIFF and the FLSA Class Members were eligible for and were often paid a non-discretionary production bonus in a dollar amount for meeting production goals.

27. At all relevant times, PLAINTIFF and the FLSA Class Members were eligible for and were often paid commissions.

28. At all relevant times, PLAINTIFF and the FLSA Class Members have been subject to same policies, procedures, practices, and guidelines by defendant AAG.

### C. *Defendant AAG's scheme to Cheat PLAINTIFF and the FLSA Class Members Out of Their Proper Overtime Compensation*

29. Pursuant to 29 U.S.C. § 211(c), all employers not exempt from the FLSA's overtime provision—which, at all relevant times, included defendant AAG—"shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time[.]"

30. At all relevant times, PLAINTIFF and the FLSA Class Members used the electronic timekeeping system of defendant AAG to clock-in and clock-out each day, including for purported lunch breaks.

31. At all relevant times, defendant AAG used the electronic timekeeping system to calculate the wages owed for each workweek, including overtime compensation, to PLAINTIFF and the FLSA Class Members.

32. At all relevant times, PLAINTIFF and the FLSA Class Members worked in excess of 40 hours in a workweek.

33. At all relevant times, defendant AAG knowingly and willfully *excluded* the bonus payments paid to PLAINTIFF and the FLSA Class Members when calculating their regular rate of pay for purposes of computing their proper overtime compensation.

34. At all relevant times, defendant AAG knowingly and willfully *excluded* commissions paid to PLAINTIFF and the FLSA Class Members when calculating their regular rate of pay for purposes of computing their proper overtime compensation.

35. At all relevant times, PLAINTIFF and the FLSA Class Members, to complete their assigned tasks, worked off the clock during lunch breaks and before and after regular business hours—as proven by defendant AAG's own records.

36. At all relevant times, PLAINTIFF and the FLSA Class Members submitted documents into defendant AAG's electronic mortgage program with electronic time stamps. These electronically submitted documents, when the time-stamps are compared to the time records, prove when PLAINTIFF and the FLSA Class Members worked off the clock.

37. At all relevant times, PLAINTIFF and the FLSA Class Members logged-on and logged-off defendant AAG's computers on which they were working, as well as logged-on and logged-off defendant AAG's telephone system. These log-off times prove when PLAINTIFF and the FLSA Class

Members were working "off the clock" after having already clocked out of defendant AAG's time-record system.

38. At all relevant times, PLAINTIFF and the FLSA Class Members Plaintiffs received emails from defendant AAG on their smart-phones "after hours"—*i.e.*, after "clocking out" for the day—which emails required immediate attention. PLAINTIFF and the FLSA Class Members sent emails in response, which prove when PLAINTIFF and the FLSA Class Members were working "off the clock."

39. At all relevant times, the management of defendant AAG was aware of the extra hours that PLAINTIFF and the FLSA Class Members worked each week in excess of 40 hours.

40. At all relevant times, defendant AAG knew, or should have known, that PLAINTIFF and the FLSA Class Members worked off the clock because such work was apparent from documents, including electronic documents, or performed in plain sight of management.

41. At all relevant times, defendant AAG pressured PLAINTIFF and the FLSA Class Members not to work overtime "on the clock," including through emails to employees telling them to clock-out because they were approaching 40 hours worked in a workweek—even though defendant AAG expected and knew the employees would continue to work off-the-clock.

42. At all relevant times, defendant AAG willfully did not pay PLAINTIFF and the FLSA Class Members all the overtime compensation due at 1.5 times their regular rate of pay for all work performed in excess of 40 hours in a workweek.

43. At all relevant times, defendant AAG systematically *underpaid* the total overtime compensation due PLAINTIFF and the FLSA Class Members by knowingly and willfully engaging in unlawful practices in violation of the FLSA that include, but are not limited to, the following:

(a) miscalculating their regular rate of pay used for computing their overtime compensation by excluding non-discretionary production bonus payments in the calculation;

(b) miscalculating their regular rate of pay used for computing their overtime compensation by excluding commissions in the calculation;

(c) allowing them to work off-the-clock and then not compensating them for all the time they worked off-the-clock; and

(d) paying overtime for some but not all of the hours worked in excess of 40 in a workweek.

44. All of the unpaid overtime compensation of which PLAINTIFF and the FLSA Class Members were cheated is readily provable through the

records of defendant AAG has been required to "make, keep, and preserve" pursuant to 29 U.S.C. § 211(c).

45. At all relevant times, defendant AAG never supplied any information or documentation—to the United States Department of Labor or to PLAINTIFF or to the FLSA Class Members—showing that defendant's failure to pay proper overtime compensation was in good faith and based on reasonable grounds for believing such conduct did not violate the FLSA.

46. At all relevant times, defendant AAG knowingly and willfully violated the FLSA by failing to pay PLAINTIFF and the FLSA Class Members the overtime compensation to which they were due and entitled.

### D. *FLSA Collective-Action Allegations*

47. PLAINTIFF seeks to bring all claims arising under the FLSA individually and on behalf of all other similarly situated employees of defendant AAG who (a) worked as a loan officer, including as a "Reverse Mortgage Professional," in any pay period falling within three chronological years immediately preceding the date on which this action was initially filed and continuing thereafter through the date on which final judgment is entered in this action, and (b) timely file or have already filed a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

48. PLAINTIFF and the FLSA Class Members seek unpaid overtime wages, liquidated damages, and pre-judgment and post-judgment interest.

49. PLAINTIFF and the FLSA Class Members are similarly situated. PLAINTIFF and the FLSA Class Members were (a) employed as loan officers, including "Reverse Mortgage Professionals," performing the same primary job responsibilities for each such position, (b) subject to similar job requirements, similar policies and procedures, (c) paid at an hourly rate, (d) paid a non-discretionary production bonus in a dollar amount for meeting production goals, and (e) paid commissions.

50. Defendant AAG subjected PLAINTIFF and the FLSA Class Members to a common policy, practice, plan or scheme that required or permitted them to perform uncompensated work in excess of 40 hours per workweek for the benefit of defendant AAG.

51. Defendant AAG and subjected PLAINTIFF and the FLSA Class Members to a common policy, practice, plan or scheme that required or permitted them to work more than 40 hours during each week without compensating these employees at 1.5 times their proper regular rate of pay—which included (a) non-discretionary production bonuses of a dollar amount paid to these employees by defendant AAG, and (b) commissions paid to these employees by defendant AAG.

52. PLAINTIFF and the FLSA Class Members were not paid proper overtime compensation as required by 29 U.S.C. § 207 for weekly pay periods in which they were employed by defendant AAG.

## PLAINTIFF'S CLAIMS

### COUNT I
### *29 U.S.C. §§ 207, 216(b)*
### (*Unpaid Overtime Compensation*)

53. PLAINTIFF re-alleges and adopts ¶¶ 1-52 above and incorporates them by reference herein.

54. By engaging in the conduct alleged above in ¶¶ 5-52, defendant AAG willfully violated the FLSA with respect to PLAINTIFF and the FLSA Class Members by not paying them wages at 1.5 times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207 and 216.

55. By engaging in the conduct alleged above in ¶¶ 5-52, defendant AAG knowingly and willfully violated the FLSA with respect to PLAINTIFF and the FLSA Class Members, all in violation of 29 U.S.C. § 255.

56. As a direct and proximate result of defendant AAG's conduct alleged above in ¶¶ 5-52, PLAINTIFF and the FLSA Class Members have lost wages compensable at 1.5 times their regular rate of pay.

57. As a direct and proximate result of defendant AAG's FLSA violations, as alleged in this Count 1, PLAINTIFF and the FLSA Class Members are entitled to recover their unpaid overtime compensation and an equal amount in the form of liquidated damages, pre- and post-judgment interest, as well as reasonable attorney's fees and costs of this action, all

through the date of entry of judgment, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court enter judgment in favor of PLAINTIFF, the FLSA Class Members and against defendant AAG for:

A. Certification of a collective-action class pursuant to 29 U.S.C. § 216(b).

B. All amounts of unpaid overtime compensation calculated at 1.5 times the proper regular rate that PLAINTIFF and the FLSA Class Members would have received but for defendant AAG's unlawful conduct, pursuant to 29 U.S.C. § 216(b).

C. An additional equal amount of all amounts of unpaid overtime compensation as liquidated damages, pursuant to 29 U.S.C. § 216(b).

D. All reasonable attorney's fees and costs of the action through entry of judgment, pursuant to 29 U.S.C. § 216(b).

E. All reasonable attorney's fees and costs for (a) the time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the PLAINTIFF's claims under the FLSA, whether in connection with any settlement, compromise, any accepted offer of

judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58; and (b) the time spent litigating the fairness and reasonableness, pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

F.    Pre-judgment and post-judgment interest on all amounts awarded pursuant to the FLSA, including lost compensation, liquidated damages, and litigation expenses including attorney's fees, costs, and costs of investigation and litigation of this action.

G.    A declaration, pursuant to 28 U.S.C. § 2201, that defendant AAG has committed unlawful employment practices in violation of the FLSA with respect to PLAINTIFF and the FLSA Class Members.

H.    All such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF demands a jury trial on all issues triable of right by a jury.**

Respectfully submitted,

*/s/ Marc N. Garber*
ALAN H. GARBER
Georgia Bar No. 283840

MARC N. GARBER
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
Tel:  (678) 560-6685
Fax: (678) 560-5067
ahgarber@garberlaw.net
mngarber@garberlaw.net

***Counsel for the Plaintiff and the Putative Class***